J-S03004-25

2025 PA Super 51

| WASHINGTON COUNTY CHILDREN | : | IN THE SUPERIOR COURT OF |
| AND YOUTH SERVICES OBO H.B | : | PENNSYLVANIA |
| MINOR CHILD | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL GALLAGHER | : | No. 1030 WDA 2024 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 8, 2024
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2021-5035

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

OPINION BY KUNSELMAN, J.:          **FILED: March 3, 2025**

Joel Gallagher appeals from the order entered against him under the Protection from Abuse (PFA) Act[1] on the petition of Washington County Children and Youth Services (CYS) on behalf of his infant son, H.B. We hold that CYS is not a "parent, adult household member or guardian ad litem" who can commence a PFA proceeding under 23 Pa.C.S. § 6106(a). Accordingly, we reverse.

On August 2, 2021, CYS filed a petition for protection from abuse on behalf of H.B. against Gallagher. The petitioner[2] checked a box to indicate that CYS was an "applicant for appointment as guardian ad litem" of H.B., who

_____

[1] 1990, Dec. 19, P.L.1240, No. 206, *as amended*, 23 Pa.C.S. §§ 6101–6122.

[2] The person who signed the petition did not testify, and her name does not appear elsewhere in the record.

was less than one year old. After several continuances, the matter proceeded to a hearing on July 29, 2024.

At the hearing, Gallagher moved to dismiss for lack of standing. The trial court denied the motion. Two witnesses testified that Gallagher said he would stab the child in the neck. MariAnn Hathaway, the guardian ad litem in H.B.'s dependency case, also testified for CYS. She explained that CYS filed a PFA petition because CYS had legal and physical custody of H.B., and because the CYS office was closer to the courthouse than hers. Attorney Hathaway noted that she had appeared at every scheduled PFA proceeding, although she agreed that it was CYS, not she, who filed the petition.

The trial court entered a three-year, final PFA order at the conclusion of the hearing and an amended order on August 8, 2024. Gallagher timely appealed. After this Court remanded for Gallagher to file a concise statement of errors complained of on appeal, Gallagher and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[3]

On appeal, Gallagher claims first that CYS lacked standing and second that the evidence did not establish that he abused H.B. Because Gallagher's first claim is meritorious, we do not reach Gallagher's second claim.

The question of whether the PFA Act grants standing to a petitioner is a question of law, for which our standard of review is *de novo* and our scope of

---

[3] The case was designated as a children's fast track appeal. This Court denied Gallagher's motion to remove the designation and directed him to file a Rule 1925(b) statement. Gallagher complied and thereby avoided waiving all his issues. *In re K.T.E.L.*, 983 A.2d 745, 747 n.1 (Pa. Super. 2009).

review is plenary. ***Evans v. Braun***, 12 A.3d 395, 398 (Pa. Super. 2010) (citing ***Scott v. Shay***, 928 A.2d 312, 313 (Pa. Super. 2007)). Our objective in interpreting the PFA Act "is to ascertain and effectuate the General Assembly's intention." ***Commonwealth v. Stevenson***, 283 A.3d 196, 204 n.3 (Pa. 2022) (citing 1 Pa.C.S. § 1921(a)). "When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit." ***Id.*** (citing 1 Pa.C.S. § 1921(b)).

At issue is subsection 6106(a) of the PFA Act, titled "Commencement of proceedings." The statute allows "any parent, adult household member or guardian ad litem" to seek relief on behalf of a minor child. In full:

> **General rule.**--An adult or an emancipated minor may seek relief under this chapter for that person or any parent, adult household member or guardian ad litem may seek relief under this chapter on behalf of minor children, or a guardian of the person of an adult who has been declared incompetent under 20 Pa.C.S. Ch. 51 Subch. B (relating to appointment of guardian) may seek relief on behalf of the incompetent adult, by filing a petition with the court alleging abuse by the defendant.

23 Pa.C.S. § 6106(a).[4]

Thus, because H.B. is a minor child, CYS only had statutory authority to initiate a PFA action on H.B.'s behalf if CYS was H.B.'s "parent, adult household member or guardian ad litem." At different times throughout this case, it was suggested that each of these categories applied to CYS. However, as we

---

[4] The parties and trial court accept without further analysis that subsection 6106(a) implicates standing, *i.e.*, that a person not listed in the statute lacks the ability to seek relief on behalf of another person. We agree. ***Cf. Scott v. Shay***, 928 A.2d 312, 314 (Pa. Super. 2007) (citing 23 Pa.C.S. § 6106(a) when describing the requirement of standing in a PFA proceeding).

discuss below, the PFA Act and the facts of this case do not support a reading that CYS fits any of these categories.

**"Parent"**

First, the trial court reasoned that CYS had standing because CYS "stepped into the role of H.B.'s parents" after H.B. was adjudicated dependent. Trial Court Opinion, 10/9/24, at 5. Without citation to authority, the court stated that "an individual serving as guardian or in loco parentis may file for a protection from abuse order as they are acting as the parent." *Id.* at 6. Because CYS had legal and physical custody of H.B., as well as a panoply of statutory rights, the trial court determined that CYS could file a PFA petition on H.B.'s behalf. The trial court observed that allowing CYS to initiate a PFA proceeding would serve the protective goals of the PFA Act and the Child Protective Services Law.

The PFA Act does not define "parent."[5] The "common and approved usage" of the term includes biological and adoptive parents, as well as those standing *in loco parentis*. **Peters v. Costello**, 891 A.2d 705, 713 (Pa. 2005) (surveying dictionaries). A person stands *in loco parentis*, literally "in place of a parent," by assuming parental status and discharging parental duties. **Hunt v. Vardaro**, 317 A.3d 1046, 1050 (Pa. Super. 2024) (quoting **K.W. v.**

---

[5] The PFA Act refers to the Crimes Code for terms not otherwise defined. 23 Pa.C.S. § 6102(b). Although three criminal statutes define "parent," those definitions are specific to each offense. **See** 18 Pa.C.S. §§ 2902(d) (unlawful restraint), 2903(d) (false imprisonment), 3132(e) (female mutilation) (each defining "parent" "[a]s used in this section").

*S.L.*, 157 A.3d 498, 504–05 (Pa. Super. 2017)).  Critically, however, "*in loco parentis* status cannot be achieved without the consent and knowledge of, and in disregard of, the wishes of a parent." *Id.*  Thus, a third party "can not place himself *in loco parentis* in defiance of the parents' wishes and the parent/child relationship."  *T.B. v. L.R.M.*, 786 A.2d 913, 917 (Pa. 2001) (citations omitted).  Notably, when the rights of a child's parents are terminated by decree, a county agency or person receiving custody obtains *in loco parentis* status over the child.  23 Pa.C.S. § 2521(c); *see In re Adoption of Hess*, 608 A.2d 10, 14 (Pa. 1992) (recognizing that an agency stood *in loco parentis* under subsection 2521(c) since the rights of a child's natural parents were terminated).

We accept for our analysis that a "parent" who may file a PFA petition on behalf of a minor includes a biological or adoptive parent, as well as a person *in loco parentis*.  *Peters*, *supra*.  Here, however, the record does not support that CYS stood *in loco parentis* at the time it filed the petition.  Although CYS had legal and physical custody of H.B. through a dependency proceeding, the agency assumed this status by statute and in defiance of the wishes of Gallagher, H.B.'s parent.  The record does not reflect that Gallagher's parental rights had been terminated when CYS filed the PFA petition; thus, CYS did not stand *in loco parentis* and was not a "parent" under 23 Pa.C.S. § 6106(a).

**"Adult household member"**

Next, CYS argues in its appellate brief that it had standing as an "adult household member"; CYS claims it was related to H.B. by "affinity."  Because it was legally responsible for H.B.'s safety and welfare through the dependency proceeding, CYS contends that it had standing to initiate a PFA action on H.B.'s behalf.

Under the PFA Act, "family or household members" includes "persons related by consanguinity or affinity."  23 Pa.C.S. § 6102(a).  While the statute does not define "affinity," we have held that term to includes relations by marriage, so brothers- and sisters-in-law are "family or household members." ***McCance v. McCance***, 908 A.2d 905, 909–10 (Pa. Super. 2006).  The statute defines "adult" as "**[a]n individual** who is 18 years of age or older."  23 Pa.C.S. § 6102(a) (emphasis added).

Here, regardless of its role in a dependency case, CYS is not an "individual" and thus cannot be an "adult household member" under 23 Pa.C.S. § 6106(a).

**"Guardian ad litem"**

Finally, when CYS filed the initial PFA petition in 2021, it checked the box to indicate that it was an "applicant for appointment as guardian ad litem" of H.B.  CYS, as an agency, however, is not a licensed attorney (or other professional) who can be appointed as a guardian ad litem for a child.  ***See*** 42 Pa.C.S. § 6311(a) (requiring a guardian ad litem in a dependency

proceeding to be an attorney at law); Pa.R.Civ.P. 1915.11–2(b) (requiring a guardian ad litem in a custody proceeding to be a licensed attorney or licensed mental health professional). Therefore, CYS cannot be a "guardian ad litem" under 23 Pa.C.S. § 6106(a).

\* \* \*

We conclude that CYS was not a "parent, adult household member or guardian ad litem" of the infant H.B., and therefore lacked standing to file a PFA petition on H.B.'s behalf. 23 Pa.C.S. § 6106(a). While we appreciate that the trial court and CYS acted to protect the child's safety, we cannot ignore the plain language of the PFA Act. 1 Pa.C.S. § 1921(b). The legislature simply has not included CYS in the class of persons who can file a PFA petition on behalf of a minor.[6,7] Because we grant relief on Gallagher's first claim, we do not address his second claim.

Order reversed. Jurisdiction relinquished.

_____

[6] The only exception would be if CYS gained *in loco parentis* status following a termination of parental rights. 23 Pa.C.S. § 2521(c).

[7] We observe that Attorney Hathaway was appointed as H.B.'s guardian ad litem in the dependency case. Although neither she nor CYS thought to substitute her as the moving party in this PFA action, nothing in our decision prevents her from taking any appropriate legal action on behalf of H.B. moving forward.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/3/2025